UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DWAYNE MARTIN,

    Petitioner,

v.                                    Case No. 5:23-cv-283-TKW/MJF

STATE OF FLORIDA and BOBBY
BOWERS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Pending before this Court is Petitioner's *pro se* petition for a writ of mandamus regarding a Florida court. The District Court should dismiss this action because the District Court lacks subject-matter jurisdiction to issue a writ of mandamus with respect to a Florida court.

### I. Background

Petitioner filed a petition for a writ of mandamus and requests that the District Court compel the Respondent to adjudicate Petitioner's motion for postconviction relief "currently pending in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida." Doc. 1 at 3.

## II. DISCUSSION

Under 28 U.S.C. § 1361, federal district courts "have original jurisdiction . . . to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added); *see Heckler v. Ringer*, 466 U.S. 602, 616 (1984). District courts, however, generally lack jurisdiction "to direct state courts or their judicial officers in the performance of their duties." *Lawrence v. Miami-Dade Cnty. State Attorney Office*, 272 F. App'x 781, 781 (11th Cir. 2008) (quoting *Lamar v. 118th Judicial Dist. Court of Tex.*, 440 F.2d 383, 384 (5th Cir. 1971)). Accordingly, a district court should dismiss for lack of jurisdiction petitions that seeks a writ of mandamus directed to a state court. *See Lawrence*, 272 F. App'x at 781.

## III. CONCLUSION

Because the District Court lacks subject-matter jurisdiction to address Petitioner's petition for a writ of mandamus, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** without prejudice Petitioner's petition for a writ of mandamus, Doc. 1.

2. Direct the clerk of the court to close the case file.

At Pensacola, Florida this <u>8th</u> day of November, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation.** <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> **An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**